**Jackie Llinas DEMPERE,
Plaintiff–Appellant,**

v.

**CITY OF TUKWILA, a municipal corporation; et al., Defendants–Appellees.**

No. 01–35567.

D.C. No. CV–00–00628–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

Jackie Llinas Dempere appeals pro se the district court's summary judgment for defendants in her civil rights action challenging her arrest and prosecution for providing false proof of financial responsibility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a summary judgment, *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999) (en banc), and we review for an abuse of discretion the district court's denial of a motion to amend, *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 691 (9th Cir.1993). We affirm in part and reverse and remand in part.

■ Dempere contends that the district court erred by granting summary judgment to Officer Victor and Sgt. Richardson on her excessive force claim. We agree.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Dempere provided evidence in support of her opposition to summary judgment that she was grabbed, forced into handcuffs which were secured tightly, and pulled back very hard against a wall. Dempere was already in a small room in the police station with two officers when she was arrested for providing false information regarding her automobile insurance. Under these circumstances, we cannot say as a matter of law that the officers' actions were "objectively reasonable." *See Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The evidence viewed most favorably to Dempere indicates that Dempere's crime was not severe, she posed no immediate threat to the safety of the officers or others, and she was neither actively resisting arrest nor attempting to evade arrest by flight. *See id.* at 396, 109 S.Ct. 1865.

■ Dempere's false arrest contention lacks merit because probable cause existed that Dempere had provided false information to a public servant. *See* Wash. Rev. Code § 9A.76.175; *Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

■ Dempere's contention that the district court abused its discretion by denying her motion to amend the complaint lacks merit. The district court's conclusion that amendment would substantially prejudice defendants justifies denial of the motion. *See United States v. Pend Oreille Pub. Util. Dist. No. 1,* 28 F.3d 1544, 1552–53 (9th Cir.1994).

Dempere's remaining contentions lack merit.

Accordingly, we reverse the district court's grant of summary judgment in favor of defendants Victor and Richardson on the claim of excessive force. We affirm the district court's grant of summary judgment on the remaining claims in favor of defendants. We remand for further proceedings.

Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.